# Court of Errors and Appeals of New Jersey.

PUBLIC SERVICE GAS COMPANY, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RE-SPONDENTS.

CITY OF PASSAIC, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

CITY OF PATERSON, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS ET AL., RESPONDENTS.

## ORDER.

It having been called to the attention of the court that, through a mistake, the report of the decision of this court in the above entitled cases appears in the official reports (87 *N. J. L.* 581) under a head-note and indexed by a subject-index statement, indicating that the final decision of this court was exactly the opposite of what it really was in the first of said cases, and that the final decision in the other two cases, wherein the decision of the Supreme Court (reported in 84 *Id.* 463) was reversed, is reported in said official reports (87 *Id.* 705) without any head-note or subject-index reference whatsoever, it is now ordered that there be printed in the volume next to be issued of the official Law Reports a head-note (preceded by the foregoing memorandum to explain its so appearing) and an item in the subject-matter index of said volume under the caption "Public Utilities Rates," as follows, to wit:

1. The special franchises of a public service company are property, but property of a peculiar kind; the right of property in them is not absolute, but is qualified by the right of the state to fix reasonable rates. In determining the reasonableness of rates, no allowance should be made for the value of the special franchise in a case where it is not legally exclusive and where the state still retains the right to fix the rates. See opinion of the Supreme Court, 84 *N. J. L.* 463, and the per curiam affirmance by this court upon that opinion, reported in 87 *Id.* 597.

2. Where, upon the application of a municipality, the Board of Public Utility Commissioners have found the rate charged by a gas company unreasonably high and have in consequence prescribed a lower rate, which lower rate the municipality still thinks unreasonably high, the latter's remedy is by *certiorari* to procure the setting aside of the order fixing such rate, so that the way may be open for the establishment by such board of such still lower rate as shall be proper under the evidence. See the per curiam opinion of this court reported in 87 *N. J. L.* 705.

By the Court: March 20th, 1917,
E. R. WALKER,
C. & P. J.

Endorsed: "Filed March 20th, 1917,
THOMAS F. MARTIN,
Clerk."